IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Robert Troy Taylor, #315084, ) | No. 5:13-cv-02239-RMG |
| Petitioner, ) | **ORDER** |
| vs. ) | |
| Warden Bernard McKie, ) | |
| Respondent. ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 38), recommending that Respondent's Motion for Summary Judgment be granted. For the reasons stated below, the Court **ADOPTS** the R & R in part and **GRANTS** Respondent's Motion for Summary Judgment (Dkt. No. 25).

## I. Background

On April 20, 2006, Petitioner pleaded guilty in Georgetown County to two counts of lewd acts on a minor and one count of second degree criminal sexual conduct ("CSC") with a minor. (Dkt. No. 24-1 at 6-47). As to the CSC charge, Petitioner waived presentment to the grand jury. (*Id.* at 9-10). Petitioner was sentenced to eight years, suspended on the service of five years, with Petitioner to be placed on probation for the last three years of his sentence. (*Id.* at 47). Petitioner did not appeal his plea or sentence.

While Petitioner's Georgetown County charges were pending, Petitioner was arrested and charged with kidnapping and CSC with a minor in Williamsburg County. (Dkt. No. 24-4 at 39). After Petitioner pleaded guilty on the Georgetown County charges, he proceeded to trial on the CSC charge in Williamsburg County and was found guilty. (*Id.*). Because the Georgetown CSC

conviction counted as a "most serious" conviction under South Carolina's two-strikes statute, S.C. Code Ann. § 17-25-45, the judge in the Williamsburg County case sentenced Petitioner to life without parole. (*Id.*; Dkt. No. 24-4 at 73).

Petitioner filed an Application for Post-Conviction Relief (PCR) on April 13, 2007, relating to his plea in Georgetown County. He alleged, among other things, that plea counsel was ineffective for failing to properly investigate the CSC charge and that his guilty plea was involuntary because counsel did not advise him of the two-strikes law. (Dkt. No. 24-1 at 49-73). On July 27, 2009, the PCR court dismissed Petitioner's application in its entirety. (Dkt. No. 24-4 at 72-93). Petitioner filed a Rule 59(e) motion, which the PCR Court denied on March 30, 3009. (*Id.* at 94-103). Petitioner filed a Petition for Writ of Certiorari, which the South Carolina Supreme Court granted on October 6, 2011. (Dkt. No. 24-13). In a published opinion on June 19, 2013, the South Carolina Supreme Court affirmed the PCR Court's Order of Dismissal. (Dkt. No. 24-16); *Taylor v. State*, 745 S.E.2d 97 (S.C. 2013). Remittitur was issued on July 25, 2013. (Dkt. No. 24-19). Petitioner then filed this federal habeas corpus petition, raising the following grounds for relief:

> **Ground One**: Ineffective Assistance of Counsel for failing to conduct a sufficient investigation into the CSC charge.
>
> **Ground Two**: Ineffective Assistance of Counsel for failing to advise the Petitioner that his plea to criminal sexual conduct with a minor in the second degree would be considered a "most serious" strike.
>
> **Ground Three**: Brady Violation

(Dkt. No. 1 at 5-8).

The Magistrate Judge recommended that summary judgment be granted to Respondent, finding (1) that Petitioner's third ground for relief was procedurally barred and (2) that Petitioner failed to show that the PCR court's and South Carolina Supreme Court's rulings on Grounds 1 & 2 resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or that the PCR court rulings were based on an unreasonable determination of the facts in light of evidence presented at the State court proceeding. (Dkt. No. 38). Petitioner filed timely objections to the R&R. (*See* Dkt. No. 46).

## II. Legal Standard

### A. Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

As to portions of the R & R to which no specific objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P. 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting

the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## B. Federal Habeas Review

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## III. Discussion

### A. Procedurally Barred Claim - Brady Violation

The Magistrate Judge correctly found that this ground was procedurally barred from federal habeas review.

A habeas petitioner must exhaust the remedies available to him in state court. 28 U.S.C. § 2254(b)(1). This requires a habeas petitioner to "fairly present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *overruled on other grounds by*

*United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011). Procedural bypass, sometimes referred to as procedural bar or procedural default, occurs when a petitioner seeking habeas corpus relief failed to the raise the issue asserted in his habeas petition at the appropriate time in state court. Because the petitioner has no further means of raising the issue before the state courts, he is considered to have bypassed his state court remedies and is, thus, procedurally barred from raising the issue in a federal habeas proceeding. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *Weeks v. Angelone*, 176 F.3d 249, 272 n.15 (4th Cir. 1999) ("A claim is procedurally defaulted when it is rejected by a state court on an adequate and independent state procedural ground.").

Here, Petitioner claims that the prosecutor violated *Brady* by not notifying the defense that the CSC incident occurred on or around August 5-7, 1999, rather than in June or July of 1999. (Dkt. No. 46 at 12). However, Petitioner did not raise this issue on direct appeal or in his PCR proceeding. Even if it had been raised in his PCR proceeding, the PCR court would have found the issue procedurally defaulted. Because prosecutorial misconduct, including the failure to furnish *Brady* materials, can be raised on direct appeal, such misconduct claims cannot be considered in a PCR proceeding absent a claim of ineffective assistance of appellate counsel. *Judge v. State*, 471 S.E.2d 146, 148 n.1 (S.C. 1996), *overruled on other grounds by Jackson v. State*, 535 S.E.2d 926 (S.C. 2000). Thus, this issue is procedurally barred from federal habeas review unless Petitioner can show (1) cause for not complying with the state court's procedural rule and actual prejudice resulting from the alleged constitutional violation or (2) a miscarriage of justice. *E.g., Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999).

Petitioner has not put forward any cause for his failure to raise this issue on direct appeal.[1] At the plea hearing, Petitioner was aware the alleged CSC occurred on August 5-7, and Petitioner specifically pled guilty to that charge. (Dkt. No. 24-1 at 17). Petitioner has not claimed ineffective assistance of appellate counsel or otherwise shown cause for his failure to raise this claim on direct appeal.

Nor has Petitioner shown a miscarriage of justice. To do so, he must show that he is actually innocent. He must show that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 537 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). In making this determination the Court must consider "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *Id.* at 538 (internal quotations omitted). "[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *Id.*

The Court agrees with the Magistrate Judge that Petitioner has not met this burden. As the PCR court noted, there is a sharp contrast between Petitioner's unequivocal admission of guilt to the CSC offense on the dates of August 5-7, 1999, and his current allegation that he has

---

[1] Petitioner claims that his PCR counsel was negligent in not raising the issue in his PCR proceeding. (Dkt. No. 46 at 12-14). However, Petitioner cannot show any prejudice under *Strickland* because even if PCR counsel had raised the issue, it would have been procedurally barred from PCR review. Furthermore, a PCR attorney's negligence generally does not establish cause for a procedural default. *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991). The Supreme Court recognized a narrow exception to this general rule in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), holding that, in certain circumstances, ineffective assistance of counsel in an initial PCR proceeding can provide "cause" for not complying with state procedural rules regarding a claim of ineffective assistance at trial. But Petitioner cites no authority to extend *Martinez* beyond ineffective assistance of counsel claims to prosecutorial misconduct claims.

an alibi for those dates. Petitioner pleaded guilty "without any reservations whatsoever," and stated to the court, in the presence of his family and church members, "I am guilty." (Dkt. No. 24-1 at 19, 21). He acknowledged that there was "no question" about the fact that he was guilty and offered an apology for his "part of the pain." (*Id.* at 22, 42.)

Furthermore, the indictment covered a time frame of "on or about August 5-7, 1999," and like the PCR court, this Court is not convinced that the victim would have testified at trial that the offense absolutely occurred during August 5-7. Indeed, the offense occurred years prior to the plea, and Petitioner's trial counsel testified that the allegations were "that it generally happened in the summer of '99." (Dkt. No. 24-2 at 31). Even one of Petitioner's alibi witnesses wished to withdraw his testimony from the PCR proceeding because he was no longer certain about the precise dates due to the passage of so much time. (Dkt. No. 24-4 at 87). The victim's allegations tied the CSC offense to a trip to Huntington Beach State Park. This state park was two (2) miles from the church. (*Id.* at 32.). Nothing in the record indicates that the victim would have tied the assault to the World Changers event reflected in the August 1, 1999 church bulletin or otherwise would have testified the offense definitely occurred on August 5, 6, or 7.

Even if a reasonable juror believed Petitioner's alibi witnesses, a reasonable juror could easily find that the offense occurred around or about the dates alleged. Considering all evidence, including the victims' statements at sentencing, other witnesses statements collected by plea counsel's investigator, pornography found on Petitioner's church computer, possible *Lyle* evidence, and Petitioner's unequivocal statements under oath at his plea hearing, the Court finds that Petitioner has not met his burden of showing that it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt. Thus, this claim is barred from further review.

### B. Ground One & Two: Ineffective Assistance of Counsel

Where allegations of ineffective assistance of counsel are made, the question is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). First, the Petitioner must show that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. *Id.* at 687-88. Second, the Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Review by this Court of "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential . . . and when the two apply in tandem, review is doubly so." *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011). In applying § 2254(d), "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland'*s deferential standard." *Id.*

#### 1. Failure to Investigate

Petitioner alleges that trial counsel did not properly investigate alibi defenses for August 5-7, 1999.[2] (Dkt. No. 35 at 9-16). The Magistrate Judge found that Petitioner could not demonstrate that the PCR court or the South Carolina Supreme Court unreasonably misapplied

---

[2] Petitioner raised other claims of failure to investigate in the PCR proceeding. For example, Petitioner claims that the church showers were inoperable in the summer of 1999 and that Petitioner's counsel did not investigate this claim. To the extent that Petitioner raises such claims in his habeas petition, the Magistrate Judge found that Petitioner could not demonstrate that the PCR court or the South Carolina Supreme Court unreasonably misapplied clearly established federal law or that the PCR court made unreasonable factual findings in rejecting Petitioner's claims. (Dkt. No. 38 at 29). Petitioner has not objected to the Magistrate Judge's finding with regard to these claims. This Court agrees with the Magistrate Judge and adopt this portion of the R & R.

clearly established federal law in rejecting Petitioner's claim or that the PCR court made unreasonable factual findings. (Dkt. No. 38 at 29).

In his objections, Petitioner claims that the PCR court was unreasonable in finding that he was aware of the new August 5-7, 1999 dates prior to the acceptance of his plea. (Dkt. No. 46 at 3). This factual finding is "presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). He has not done so. Both Petitioner's mother and father testified that they and Petitioner discussed this date change with Petitioner's counsel in a meeting before the plea. (Dkt. No. 24-3 at 4 (stating that the date change was discussed "right before we started to go in"), 7 ("And when we met with him the next time, he told us that – that the dates had been changed and that it was the 4th, 5th, and 6th.")). Petitioner's father testified that Petitioner's counsel told them that the dates in the indictment were the same as the dates in the church bulletin.[3] (*Id.* at 7). Petitioner admits that he was present for this meeting but just does not recall hearing anything about August 5-7. (Dkt. No. 24-3). An inability to recall years later is not clear and convincing evidence.

Contrary to Petitioner's assertions (*see* Dkt. No. 46 at 2), Petitioner's plea counsel did not testify that counsel did not know about the date change before the plea. He testified that he could not recall. (*See, e.g.*, Dkt. No. 24-2 at 29 ("I'm not saying it didn't happen. I just don't remember it.")). Again, counsel's inability to recall is not clear and convincing evidence that the PCR court's finding was incorrect. Finally, the PCR court's finding is supported by the fact that the dates August 5th, 6th, and 7th, were clearly stated at Petitioner's plea hearing before he

---

[3] Petitioner admitted that he saw and discussed the church bulletin with plea counsel, but claims that counsel told him it was just there to prove Petitioner was the pastor. (*Id.* at 44).

pleaded guilty. (Dkt. No. 24-1 at 17). The Court finds that the PCR court's factual determination that Petitioner was aware of the new August 5-7, 1999 dates prior to the acceptance of his plea was reasonable in light of the evidence presented in the State court proceeding. The Petitioner has not shown that this finding was erroneous by clear and convincing evidence.

The PCR court found that Petitioner "failed to prove that a potential alibi for the specific dates of August 5-7 was a matter that counsel should have investigated at the time, or that such a defense would have likely been successful at trial." (Dkt. No. 24-4 at 89). The PCR court also found that Petitioner failed to prove the requisite prejudice. (*Id.* at 90). To support is conclusions, the PCR court found that (1) Petitioner was aware of the date change on his indictment prior to entering his plea and did not advise counsel that this impacted his decision to plead guilty, inform counsel that he wished to have more time to look into potential defenses, or ask counsel to conduct any further investigation; (2) Petitioner unequivocally admitted guilt to the CSC offense on the dates of August 5-7, 1999 in sharp contract to his later allegation that he had an alibi, and (3) that the indictment alleged the incident occurred "on or about August 5–7" and that Petitioner's purported alibi did not cover the entire period of the indictment. (Dkt. No. 24-4 at 86-89). The South Carolina Supreme Court found that probative evidence in the record supported the PCR court's findings. (Dkt. No. 24-16 at 13). The Court finds that neither the PCR court nor the South Carolina Supreme Court unreasonably misapplied clearly established federal law in rejecting Petitioner's claim or that the PCR court made unreasonable factual findings in light of the evidence presented to it. Therefore, this ground for habeas relief must be denied.

2. Failure to Advise on South Carolina's Two-Strike Law

Petitioner argues that his attorney was ineffective by not advising him that his plea to the CSC charge would be considered a "most serious" offense and "strike" pursuant to South Carolina's two-strike statute, S.C. Code Ann. § 17-25-45. It is clear that Petitioner's plea counsel did not discuss with Petitioner the fact that the CSC conviction would be a "most serious" offense under S.C. Code Ann. § 17-25-45. (Dkt. No. 24-4 at 79). However, the PCR court found that (1) plea counsel was not ineffective for failing to advise Petitioner of the two-strikes law because the consequence is a "collateral" consequence of the plea and not a "direct" one and (2) that Petitioner had not shown prejudice (i.e., that he would have gone to trial if he had known about the two-strikes law). (*Id.* at 80-85).

The South Carolina Supreme Court declined to address the "novel issue" of whether counsel's failure to advise of the two-strikes law constituted ineffective assistance of counsel and affirmed on the ground that Petitioner could not demonstrate prejudice. (Dkt. No. 24-16 at 9, 11). The Supreme Court based its holding on the PCR court's findings (1) that Petitioner lacked credibility, (2) that neither Petitioner nor other witnesses provided any specific reasons why knowledge of the two-strikes statute could have caused Petitioner to change his plea, (3) that at the time of the plea, Petitioner fully expected to be exonerated in the Williamsburg case so life without parole would have been "a mere future contingency that he thought would never apply to him," (4) that, after counsel advised him about the two-strikes law, Petitioner had been offered a plea bargain in the Williamsburg case, which would have avoided a life sentence and which Petitioner was strongly encouraged to accept, but that Petitioner proceeded to trial with full

awareness that he would receive life without parole if convicted.[4] (Dkt. No. 24-16 at 11). The South Carolina Supreme Court held that, "[w]e could not agree more with the PCR court's assessment." (*Id.*).

The Magistrate Judge found that because the United States Supreme Court has not stated whether statutory strikes resulting from guilty pleas are a direct or collateral consequence of a guilty plea, the PCR court's determination on the issue cannot be said to be contrary to, or an unreasonable application of, clearly established federal law. (Dkt. No. 38 at 32). Petitioner objects to the PCR court's characterization of statutory strikes as a collateral consequence, particularly in his case where the Williamsburg County charges were pending at the time of the plea. (Dkt. No. 46 at 6-9).

However, this Court does not review the PCR court's ruling *de novo*. It must determine whether the PCR court's ruling was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). Because the United States Supreme Court has not addressed the issue, the Court agrees with the Magistrate Judge that this standard under the habeas statute is not met. *See Williams v. Taylor*, 529 U.S. 362, 390 n.15 (2000) ("[T]he law on habeas review must be 'clearly established' by [the Supreme] Court alone."); *Bustos v. White*, 521 F.3d 321, 325 (4th Cir. 2008) (holding that because "no Supreme Court precedent establishes that parole ineligibility

---

[4] The PCR court also noted that even without a prior two-strikes conviction, Petitioner faced fifty years for the Williamsburg charges. (Dkt. No. 24-4 at 83). The PCR court found that, given that Petitioner was 36 years old at the time of his plea, Petitioner failed to point any specific reasons why the difference between life without parole and a fifty-year sentence was significant enough to him personally that he would have changed his mind about pleading guilty under the circumstances at the time of the plea. (*Id.*).

constitutes a direct, rather than a collateral, consequence of a guilty plea," the PCR court's holding was not contrary to clearly established federal law despite the fact that it was contrary to Fourth Circuit precedent).

Turning to prejudice,[5] the Magistrate Judge found that Petitioner may have opted to proceed to trial on the CSC charge but that Petitioner had failed to demonstrate that a jury would have found him not guilty of the CSC charge; thus, the Magistrate Judge found Petitioner had not shown prejudice. (Dkt. No. 38 at 33). The Court declines to adopt this portion of the R & R.

To satisfy the prejudice prong under *Strickland*, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[6] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Petitioner must also "convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). In other words, Petitioner must show that "proceeding to trial would have been objectively reasonable in light of all of the facts." *United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012).

However, on habeas review, a court does not apply *Strickland* to the facts *de novo*. Rather, habeas relief is appropriate only if "a state court's application of *Strickland* was

---

[5] The Court need not reach the prejudice issue. Because Petitioner has not shown that the PCR court's application of the first prong under *Strickland* was contrary to, or an unreasonable application of, clearly established federal law, this ground for habeas relief must be denied.

[6] To the extent that the Magistrate Judge held that *Hill* requires a defendant to show both that he would have gone to trial **and** that a jury would have found him not guilty, the Court disagrees. Rather, *Hill* states that "[i]n many guilty plea cases," the court's assessment of whether a defendant would have pleaded guilty will depend in part on a prediction of the outcome of trial. *Id.* at 59. A court's assessment under *Padilla v. Kentucky*, 559 U.S. 356 (2010) as to whether rejecting a plea bargain would have been rational also will depend, at least in large part, on a prediction of the outcome of trial.

unreasonable under § 2254(d)." *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011); *see also Schifferli v. South Carolina*, 227 Fed. App'x 248, 250 (4th Cir. 2007) (finding the state court's resolution of *Strickland* issues "was not contrary to, or an unreasonable application of, federal constitutional law"). Here, the Court finds that the state courts' resolution of the prejudice issue was not contrary to, or an unreasonable application, of federal law. Both the PCR court and the South Carolina Supreme Court explained multiple reasons for their conclusion that Petitioner had not shown a reasonable probability that he would have chosen to go to trial had he known about South Carolina's two-strike law, and the Court does not find their application of the *Strickland* test unreasonable in light of the evidence before the state court.

## IV. Conclusion

The Court adopts the R & R in part. The Court declines to adopt the portion of the R & R addressing prejudice as to Petitioner's second ground for relief (Dkt. No. 38 at 33-34). The Court adopts all other portions of the R & R. The Court **GRANTS** Respondent's Motion for Summary Judgment (Dkt. No. 25) and dismisses the habeas petition with prejudice.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v.*

*Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

July 31, 2014
Charleston, South Carolina